Abraham N. Geller, J.
This ex parte application by defendant corporation to discontinue with prejudice to plaintiff a shareholders ’ derivative action against two of the five defendants served, predicated on a stipulation signed by all the attorneys for said parties, including the attorney for plaintiff shareholder, is denied.
The application is made by the corporation for the stated purpose of saving the corporation the expense of counsel fees expended by the two defendants in the event, characterized by the corporation as “likely”, that the pending suit will be defeated. Plaintiff’s attorney merely states that these defendants are not necessary for the relief requested, particularly in view of the fact that the remaining defendants in the action are men of ample means. However, it does not appear, nor is it conceded, that there is no cause of action against these two defendants as distinguished from the remaining defendants, although the case is asserted to be more directly against the latter. In any event, if the discontinuance were approved and the action subsequently defeated, as the corporation anticipates, it would have to pay the counsel fees of the other and principal defendants.
While an ordinary action may be discontinued upon stipulation of all parties without a court order (CPLR 3217, subd. [a], par. 2), discontinuance of a class action (CPLR 1005; subd. [c]) and of a shareholders’ derivative action (Business Corporation Law, § 626, subd. [d]) requires court approval, and in such actions the court may order that notice be given to those whose interests may be affected.
It would appear that, consonant with the policy underlying such special actions, which was generally applied previously in accordance with decisional law, an ex parte approval of a stipulation of discontinuance as to certain defendant directors should not be granted except on a fairly decisive showing that there is no cause of action against them. That showing has not clearly been made in the papers submitted or the hearing held at the court’s request.
The court observes that the action is shortly to be reached for trial and the Trial Judge should be in a better position to deal with the problem of such discontinuance, so that the application is denied with leave to renew accordingly.